UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

RENEE HULUM                                                CIVIL ACTION NO. 07-0722

VERSUS                                                         JUDGE MELANÇON

USAA CASUALTY INS. CO.                              MAGISTRATE JUDGE HILL

**MEMORANDUM RULING**

Before the Court is USAA Casualty Insurance Company's ("USAA" or "defendant") unopposed[1] Motion for Partial Summary Judgment [Rec. Doc. 21]. For the reasons that follow, defendant's Motion [Rec. Doc. 21] will be **GRANTED**.

As a preliminary matter, it is noted that plaintiff has not filed an opposition to defendant's motion. While the fact that defendant's motion is unopposed does not necessarily mean defendant should prevail on the merits, the plaintiff's failure to file an opposition and statement of contested material facts does require the Court to deem USAA's statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2.*; See also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.").

---

[1] Pursuant to Local Rule 7.5W, plaintiff's opposition to defendant's Motion would have been due on April 4, 2008. As of this date, no opposition or response has been filed.

## I. UNDISPUTED FACTS

In 2005, USAA issued an insurance policy (the "Policy") covering all of plaintiff's personal property located at 197 Tilley Road in Leesville, Louisiana (the "Residence"). The Residence was leased to Charles Taylor ("Taylor") and Lucy Perkins ("Perkins"), plaintiff's mother, and, at the time the leased was signed, Perkins informed Susan Casey ("Casey"), an ERA Real Estate agent in Leesville and property manager of the Residence, that " . . . she and her family were not actually living in the residence located at 197 Tilley Rd., but were using it to store furniture. They were living in another residence at 150 Old Oak Lane in Leesville, Louisiana."[2] *Affidavit of Susan Casey* [Rec. Doc. 21-17], ¶ 4. On April 2, 2006, the Residence and all contents were destroyed by fire. Thereafter, plaintiff provided USAA with a sworn statement containing a list of personal items which were purportedly lost. This list included several pieces of heavy, ornate furniture and at least three large screen televisions. *Sworn Statement of Loss* [Rec. doc. 21-7]. The list provided by plaintiff was corroborated by Perkins, the only other person with regular access to the Residence. *Deposition of Lucy Perkins* [Rec. Doc. 21-9], pg. 13-14.

Upon investigation, Chief Hoy E. Duhon, Sr. and Captain Hoy E. Duhon, Jr. of the Sandy Hill Volunteer Fire Station No. 1 and Fire Chief Michael L. Kuk of the Fort Polk Joint Readiness Training Center and U.S. Army Garrison all concluded that

---

[2] This statement is seemingly supported by the fact that the Policy was mailed to plaintiff at 150 Old Oak Lane, and not at 197 Tilley Road.

the fire was intentionally set and not accidental. *Affidavit of Hoy Duhon, Sr.* [Rec. Doc. 21-13], ¶ 5; *Affidavit of Hoy Duhon, Jr.* [Rec. Doc. 21-14], ¶ 5; *Affidavit of Michael L. Kuk* [Rec. Doc. 21-16], ¶ 5. While there are no allegations in the record that plaintiff set the Residence ablaze, Casey did aver that, on April 2, 2006, the day of the fire, she conducted a walk-through of the Residence to assess the damage and noted that the Residence ". . . was almost empty at the time of the fire." *Affidavit of Susan Casey* [Rec. Doc. 21-17], ¶ 6. Specifically, Casey stated that "[a]mong the debris found at the residence, [she] found no evidence of the previously viewed heavy/ornate furniture or of the large screen television sets that had been previously stored in the house." *Id.*[3] Further, on or about April 5, 2006, Curtis Doss, an insurance fraud investigator, took several photographs of the contents of 150 Old Oak Lane. When presented with the photographs, Casey asserted that many of the items claimed to have been lost in the fire were shown in the pictures. *Affidavit of Susan Casey* [Rec. Doc. 21-17], ¶ 7.

By letter dated March 9, 2007, based on the representations of the fire investigators and Casey, USAA denied coverage stating, "It is USAA's conclusion that the specific loss in question is not covered and further that you have intentionally made material misrepresentations concerning the events surrounding this loss and the extent of your loss." *Exhibit O* [Rec. Doc. 21-20]. Thereafter,

---

[3] Casey's assertions are supported by the findings of the fire investigators who stated that "the notion that there were three (3) television sets in the home at the time of the fire is entirely false. Further, the plaintiff's contention that the home was filled with furniture at the time of the fire is contrary to the findings of [our] investigation." *Affidavit of Hoy Duhon, Sr.* [Rec. Doc. 21-13], ¶ 3 and *Affidavit of Hoy Duhon, Jr.* [Rec. Doc. 21-14], ¶ 3.

plaintiff filed this action seeking recovery under the Policy, damages for defamation, and penalties and attorneys' fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220.  USAA now seeks to have plaintiff's defamation claim and demand for penalties and attorneys' fees dismissed. No opposition has been filed.

## II.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56;  *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*).  Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact.  Where, as here, the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.[4]

---

[4] When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial.  *Celotex*, 477 U.S. at 324.  As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.*  If the

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56©; *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. LAW AND ANALYSIS

---

moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial. *Id.* at 322-23.

*A. Penalties and Attorneys' Fees under Louisiana Revised Statutes 22:658 and 22:1220*

Louisiana Revised Statute 22:658 *requires* a Court to award a claimant attorneys' fees, costs, and certain specified penalties when an insurer "arbitrarily, capriciously, or without probable cause" fails to pay a claim within thirty (30) days after receipt of "satisfactory proofs of loss from the insured or any party in interest." La. Rev. Stat. 22:658. Section 22:1220 similarly imposes a duty of good faith and fair dealing upon the insurer and requires an insurer to "pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss." La. Rev. Stat. 22:1220. While the proscribed conduct is virtually identical, i.e. the arbitrary or capricious failure to pay a valid claim, the statutes provide varying time periods and differing amounts of allowable penalties.[5] In both instances, however, the statutes are penal in nature and must be strictly construed. *Hart v. Allstate Ins. Co.*, 437 So. 2d 823, 827 (La. 1983).

In this case, plaintiff maintains that USAA arbitrarily and capriciously failed to pay her claim within the statutorily prescribed time limits. When a plaintiff makes a claim for fees and penalties, she has the burden of showing that the insurer actually acted in a manner sufficient to warrant their assessment. *Rushing v. Dairyland Ins. Co.*, 449 So. 2d 511, 514 (La. App. 1 Cir.), *aff'd* 456 So. 2d 599 (La. 1984). If an insurer has a reasonable basis to defend a claim, it cannot be said that the insurer

---

[5] The statutes also differ on the mandatory nature of the penalty and attorney fee assessment. La. Rev. Stat. 22:658 *requires* the assessment of penalties whereas La. Rev. Stat. 22:1220 permits a court, in its discretion, to award the outlined penalties.

violated the requirements of 22:658 and 22:1220 by asserting that defense. *Chevalier v. Reliance Ins. Co. of Ill.*, 953 F.2d 877, 883 (5th Cir. 1992) (*citing Gipson v. Yosemite Ins. Co.*, 494 So. 2d 1290, 1292 (La. App. 2 Cir. 1986)). Thus, penalties and attorneys' fees will not be assessed merely because the insurer is ultimately cast in judgment under the policy. *Headrick v. Pa. Millers Mut. Ins. Co.*, 245 So. 2d 324 (La. 1971).

USAA premised its denial of coverage on the "material misrepresentations concerning the events surrounding this loss and the extent" of the loss. *Exhibit O* [Rec. Doc. 21-20].[6] The alleged misrepresentations include the statements made concerning the contents of the Residence at the time of the fire. Based on the evidence before the Court, it is clear that USAA was not acting arbitrarily or capriciously in denying coverage under the cited provision. USAA relied on several statements from uninterested third parties and investigators who flatly contradicted the statements of the plaintiff and Perkins. Given the ample evidence, there is a good faith dispute concerning whether coverage should actually exist under the Policy. When such a dispute exists, there can be no penalties or attorney fee award under either 22:658 or 22:1220. Accordingly, this claim will be dismissed.

---

[6] USAA's denial of coverage letter cites three purported sections of the Policy. However, it appears that only one, the "Concealment or Fraud" provision, actually served as the basis for the denial. That provision, listed under the "Conditions" section, states:

> 14. **Concealment or Fraud.** With respect to all **insureds**, the entire policy will be void if whether before or after a loss any **insured** has:
> a. intentionally concealed or misrepresented any material fact or circumstance;
> b. engaged in any fraudulent conduct; or
> c. made false statements;
> relating to this insurance.

*B.     Damages for Defamation*

Defamation in Louisiana is a tort that involves the invasion of a person's interest in his or her reputation and good name. *Kennedy v. Sheriff of East Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So. 2d 669. In order to prevail in an action for defamation, a plaintiff must prove (1) the existence or utterance of defamatory words; (2) publication; (3) falsity; (4) malice; and (5) injury. *Id.* A defamation plaintiff who opposes summary judgment bears a more onerous burden of proof than plaintiffs in other actions, and must show that he can produce sufficient evidence at trial to prove each of the elements of the case with convincing clarity. *Tatum v. Orleans Parish School Board*, 2007-CA-0613 (La. App. 4 Cir. 4/9/08), - - - So. 2d - - -, 2008 WL 1042951 at *1 (*citing Wright v. Dollar Gen. Corp.*, 602 So. 2d 772 (La. App. 2 Cir. 1992)). If even one of required elements of the tort is lacking, the cause of action must fail. *Costello v. Hardy*, 2003-1146 (La. 01/21/04), 864 So. 2d 129.

The first element requires that the statement complained of must have been defamatory. Words are defamatory when they "tend to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating with him." *Tatum*, 2008 WL 1042951 at *1 (*citing Sommer v. State Dept. of Transp. and Development*, 97-1929 (La. App. 4 Cir. 3/29/00), 758 So. 2d 923). Defamatory words are traditionally divided into two categories: those that are defamatory *per se* and those that are susceptible of a defamatory meaning. *Costello*, 864 So. 2d at 140. Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or

professional reputation, *without considering extrinsic facts or circumstances*, are considered defamatory *per se*. *Id*. When a plaintiff proves the publication of *per se* defamatory words, falsity, malice, and injury are presumed, but may be rebutted by the defendant. *Id*. However, when the words are not *per se* defamatory, the plaintiff must prove each element separately. *Id.*

In this case, it may fairly be said that the words complained of could be construed as an accusation of criminal conduct, i.e. insurance fraud and/or arson.[7] However, it is clear from the undisputed facts that USAA did not use those words without first considering the extrinsic facts or circumstances. To the contrary, USAA relied on the opinions of several uninterested and impartial fire investigators and the statement of at least one uninterested witness. Thus, the words are not defamatory *per se*. As such, it is incumbent upon plaintiff to show that the words used tended to harm her reputation " . . . so as to lower [her] in the estimation of the community or to deter third persons from associating with [her]." *Tatum, supra*. Plaintiff has presented no evidence to show how USAA's words, in any way, harmed her reputation or deterred third persons from associating with her. In fact, there is no evidence whatsoever concerning plaintiff's reputation either before or after the alleged defamation. As it is plaintiff's burden to bear on this threshold issue, the defamation claim fails.

Had plaintiff made the required showing of defamatory words, however, the

---

[7] *See* La. Rev. Stat. 14:51, La. Rev. Stat. 14:53, *and* La. Rev. Stat. 22:1243.

claim also fails on other elements as well. While it is *possible* that the "publication" requirement was fulfilled by USAA's submission of the letter to plaintiff's attorney,[8] plaintiff completely fails to carry her burden of showing that the words were false. Similarly, nothing in the record suggests that, if the words were false, they were uttered with malice. In fact, the opposite is true. There is ample evidence in the record to show that USAA submitted the letter in good faith and only after careful consideration of all the relevant evidence available. Further, plaintiff has not submitted any evidence of injuries which she may have suffered. The sheer lack of evidence leads the Court to the inescapable reality that plaintiff's claim for defamation fails on its own merits and must be dismissed.

### IV.  CONCLUSION

After review of the evidence available, including the uncontested statement of material facts, the Court finds that USAA did not act arbitrarily or capriciously in its denial of plaintiff's claim. Further, plaintiff has failed to carry her burden of showing that she can prove the essential elements of her defamation claim. As such, USAA's motion will be **GRANTED**, and plaintiff's defamation claim and demand for statutory penalties and attorney's fees will be **DISMISSED WITH PREJUDICE**.

---

[8] Under Louisiana law, "publication" is defined as a communication to a person other than the one alleging the action. *Heflin v. Sabine Ass'n of Retarded Citizens*, 96-782 (La. App. 3 Cir. 12/26/96), 685 So. 2d 665, 667 (*citing Thomas v. Busby*, 95-1147 (La. App. 3 Cir. 3/6/96), 670 So. 2d 603). As a communication to an attorney could fall into this definition and as it is admitted that the letter was sent to the attorney by USAA, the Court cannot say that the publication element has not been fulfilled.